IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 1028 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | Magistrate Sunil R. Harjani |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 2312 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Sunil R. Harjani |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION FOR EXTENTION OF TIME TO COMPLETE PRODUCTION OF CR FILES**

Defendant City of Chicago, by and through its undersigned counsel, moves for an extension of time to produce complaint register (CR) files in accordance with this Court's September 10, 2019 order:

1. On September 10, 2019, this Court ordered the City to produce the CR files for complaints made against any detective assigned to the Area 5 Detective Division of the Chicago Police Department from 1995 to 1998, as well as homicide investigative files from the time period in response to Plaintiffs' request for discovery relating to their *Monell* claims.

2. Following the order, the City evaluated the Court's opinion and filed its objections pursuant to Rule 72 pertaining to the portion of Court's order regarding homicide investigative files. The City did not file objections pertaining to the Court's order regarding CR files.

3. After making its decision about its Rule 72 objections, the City's counsel requested from CPD the list of detectives for the time period specified by the Court. The Court's order required the City to produce the CR files by January 15, 2020. During the briefing on the issue, the City explained that, based on prior practice, it estimated that it would take approximately two to three months to generate the list of CR files to request for several hundred officers. (Dkt. 220, ¶ 6).

4. On October 23, the City's counsel received a list of detectives from CPD. Counsel then reviewed the list, and edited it to remove duplicative entries, totaling to a list of 199 detectives.[1]

5. On November 4, the City's counsel requested CPD to run complaint history searches on all of 199 officers.

6. On December 10, 2019, the City received complaint histories, which comprised 1650 pages of documents.

7. The City then reviewed the histories and compiled the list of CR numbers for those files where the incident date occurred between 1995 and 1998. The City then revised the list to remove duplicate numbers and cross-referenced for CR files the City's counsel already possessed and produced in this case (for Defendant Officers) and in other litigation. It took

---

[1] As the City has explained in previous pleadings, the data available to CPD from the time period of 1995 to 1998 is not complete. Therefore, the City cannot be certain that the list of 199 detectives includes every detective assigned to Area 5 during that time period; however, the list is as complete as can be given the data available.

approximately 40 hours for the City to review the complaint histories and generate the list of CR files to request from CPD.[2]

8. From the complaint histories, the City has now generated a list of 338 CR files, which it has requested from CPD.

9. As demonstrated by the above, given the time necessary to complete each step in the process, the City was not able to complete its production of the CR files by the Court's deadline of today's date.

10. Now that the list has been generated, the City has conferred with CPD and a vendor about the time necessary to make the production. CPD estimates it will take approximately four weeks to find and pull the CR files. The vendor estimates it can copy and review for any redactions 1-2 CR files per hour, for a total of approximately 170 hours or 21 days (assuming an 8-hour day). The City's counsel will also need approximately 4 weeks to review the files before they are produced. Accordingly, the City request an additional 3 months, or until April 15, 2020 to complete the production.

11. In advance of this motion, the City contacted Plaintiffs to learn their position. Plaintiffs stated that they objected to the City's request for additional time and wanted to confer by phone, but the parties could not find a time to discuss the issue before the filing of this motion today. *See* Email Correspondence, 1/14/20. Because there was not an opportunity to confer by phone, Plaintiffs' counsel asked the City to include the following in their motion:

> Plaintiffs object to the City's request for an additional three months of discovery and intend to file a response to the City's motion. On September 10, 2019, more than four months ago, the City was ordered to produce just over 500 CR files. Dkt. 224. As Plaintiffs outlined during briefing on this issue, such a production should take no more than 50-100 hours to complete, and Plaintiffs offered to hire

---

[2] The City needs to do additional follow up investigation for approximately 20 officers to ensure it has the complete list of CRs.

3

a vendor to assist in that process. See Dkt. 222. The City should not need a total of seven months to produce such a limited quantity of files. Plaintiffs have asked the City for a time to confer about the reasons for the delay, and the parties plan to hold a conference this week, after which Plaintiffs can promptly file a responsive brief.

12. Plaintiffs' objection is meritless. First, as set forth above, and as previously explained in the City's briefs, there is no simple way to create the list of CRs this Court ordered the City to produce. It has taken the City's counsel 40 hours simply to create the list of CRs. It will take the City's vendor approximately 170 hours to copy, review and potentially redact the CRs. Accordingly, Plaintiffs' 50-100 estimate as set forth in their objection is vastly understated. Moreover, when the City asked Plaintiffs to state the basis for their objection, Plaintiffs simply stated that the City had "ample time" to produce the documents and that an extension is "not warranted." Yet, Plaintiffs did not articulate any factual basis for that position. Then, when the City asked Plaintiffs to at least explain the reasoning behind their conclusion that the City had "ample time," Plaintiffs failed to answer and simply responded with the above objection.

13. Contrary to Plaintiffs' position, the time it has taken the City to generate the list of CR files to request is approximately the same time it estimated in earlier pleadings in this case, and Plaintiffs have not identified any case where the City has been able to produce this type and volume of records any faster.

14. Further, based upon Plaintiffs' response, it seems that Plaintiffs are objecting to a three-month extension but would be amenable to a shorter extension. Plaintiffs did not inform the City of the basis for a possible agreement to a shorter extension but not a three-month extension, and the City can think of none based upon the procedural posture of this case at this time.

15. More to the point, Plaintiffs have not identified any harm or prejudice they will suffer from this request for a relatively short extension of time to produce the documents. Indeed, there is none. The parties have been spending considerable time scheduling and taking depositions relating to the underlying case. And Judge Seeger has not yet ruled on the City's Rule 72 objections, which, if denied, will only add to the scope of *Monell* discovery and the scope of the document production. Added to that, this Court's last order recognized that the parties will be conducting depositions in this case at least through May 2020 (Dkt 289); the City is only requesting until mid-April to complete the CR production.

16. Finally, while the City appreciates Plaintiffs' desire to complete discovery as soon as possible, they have brought *Monell* claims in these cases. That necessarily means the production of voluminous discovery from CPD. If there was any reasonable way for the City to produce these documents faster, the City would gladly take that approach, but, unfortunately, these records are decades old, and they are not kept in such way that they can be produced instantly. For these reasons, additional time is needed to complete the production of these records.

WHEREFORE, Defendants seek an order from this Court granting them until April 15, 2020 to complete the production of CR files in this case.

Dated: January 15, 2020					Respectfully Submitted,

/s/ Eileen E. Rosen
One of the Attorneys for Defendant City of Chicago

Eileen E. Rosen
Catherine M. Barber
Theresa Berousek Carney
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200

Chicago, IL 60610
(312) 494-1000
erosen@rfclaw.com