**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTIRCT OF ILLINIOS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 1028 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | District Judge |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | Magistrate Sunil R. Harjani |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 2312 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | Magistrate Sunil R. Harjani |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT**
**THEIR RULE 26(a) DISCLOSURES AND TO ISSUE A DOCUMENTS SUBPOENA TO**
**THE COOK COUNTY PUBLIC DEFENDER OFFICE OF INVESTIGATIONS**

Plaintiffs Gabriel Solache and Arturo Reyes ask this Court to enter an order granting them

leave to supplement their Rule 26(a) Disclosures after the close of most fact discovery in order to

disclose the names of three additional witnesses: former Assistant Public Defender (now Judge)

Bernard Sarley; former Assistant Public Defender Kevin Smith; and, on the part of Plaintiff

Solache, Staffing Network LLC employee Tim Ward. Plaintiffs also ask this Court to enter an

order granting them leave to issue a documents subpoena to the Office of Investigations of the

Cook County Public Defender. In support they state:

1

1.     This Court ordered on March 22, 2021, that "no witnesses can be added without leave of court, and that includes the alleged unknown 'additional' witnesses." [Reyes Dkt 411; Solache Dkt 290; referring to the Joint Status Report at Reyes Dkt 409 and Solache Dkt 288].

2.     Since the entry of that order, on June 11, 2021, counsel for the Assistant State's Attorney Defendants in Reyes produced, for the first time, the complete Felony Review File, created on April 5, 1998, when ASA Defendants O'Malley, Navarro, Brualdi, Wehrle Dooley and Varga went to Area 5 at the request of Defendants Guevara and Halvorsen to take handwritten statements from Plaintiffs Reyes and Solache and others. [Ex. 1, CCSAO Supp. 1-18, at p. 18].

3.     The complete Felony Review File consists of 18 pages and includes a handwritten notation on the final page stating "Solache injuries." *Id.* at 18. Based on this newly discovered information, Plaintiffs' counsel has been able to determine that a hearing occurred on April 6, 1998 in Branch 66, where then Cook County Assistant Public Defender (now Judge) Bernard Sarley, who appeared on behalf of Plaintiffs Reyes and Solache, requested and obtained an order from the court to permit an investigator from the Cook County Public Defender's Office to enter the lockup in Branch 66 and photograph injuries to Solache's body.

4.     The transcript of the April 6, 1998 Branch 66 hearing, which the court reporter provided on July 9, contains the following exchange between Mr. Sarley and the court:

> [MR. SARLEY:] Also on behalf of Gabriel Solache, I would
> ask your Honor to sign an order permitting an
> investigator from the Public Defender's Office to go
> through the lockup in Branch 66 and photograph injuries
> on his body. […]
>
> THE COURT: All right, you have the order.
> MR. SARLEY: Yes, your Honor. I'm showing it to
> Counsel. Here it is, your Honor.
> THE COURT: All right, nothing further. The
> order will stand.
> MR. SARLEY: Thank you, your Honor.

[Ex. 2, April 6, 1998 Transcript at p.9].

5.      Based on the recent revelations in the Felony Review File and the April 6, 1998 transcript, Plaintiffs seek to add Mr. Sarley and Kevin Smith, who represented Adriana Mejia during the hearing, to their Rule 26(a) Disclosures, as witnesses having potential knowledge of events reflected in the transcript.

6.      Plaintiffs are not seeking leave to depose Judge Sarley, or Messrs. Smith or Ward at this time.

7.      Also since this Court's March 22, 2021 order, Plaintiff Solache learned for the first time, on June 30, 2021, at the deposition of Monica Amaya, the representative chosen by Staffing Network LLC to testify regarding authentication of Plaintiff Solache's work records from March of 1998, that Tim Ward, also of Staffing Network LLC, was employed by the company at or near March of 1998, that Ms. Amaya consulted with him about the records, and that he is the Staffing Network employee most familiar with the company's record keeping in 1998.

8.      Prior to filing this motion, Plaintiffs asked the City Defendants if they would agree to the relief requested in this motion. Defendants responded as follows:

> The City Defendants object to each of the proposed disclosures listed below. With respect to Mr. Ward, Plaintiff had every opportunity to designate whoever he wanted from Staffing Network LLC, irrespective of the recent deposition of Ms. Amaya. Plaintiff has offered no explanation for not disclosing Mr. Ward earlier. Additionally, we do not agree that Ms. Amaya testified that Mr. Ward had knowledge of Staffing Network record keeping practices in 1998. With respect to Judge Sarley and Mr. Smith, both individuals represented Mr. Solache during his criminal case, thus they were known to him. Moreover, their names appear on various pleadings that have been in play since the outset of discovery in this case. The recent production of the Felony Review Folder does not explain why Plaintiff did not disclose his own lawyers earlier. Finally, to the extent MJ Harjani allows Plaintiff Solache to disclose any of these witnesses, Defendants seek leave to depose them.

9.      With respect to Judge Sarley and Kevin Smith:

3

a. Since very recently receiving the Felony Review File and Branch 66 transcript, Plaintiffs have learned that on April 6, 1998, Judge Sarley was appointed to represent Plaintiffs Solache and Reyes immediately following several days of physical and psychological abuse at the hands of the Defendants; and that immediately following, April 6, Murder Task Force and Multiple Defendant Unit assistant public defenders were assigned as their counsel. Thus, Judge Sarley was their counsel for the brief amount of time it took to fill 9 pages of transcript. [Ex. 2].

b. Mr. Smith did not represent either Plaintiff Solache or Reyes during the criminal case.

c. Regardless of the fact that Judge Sarley and Mr. Smith's names may appear among the thousands of pages of documents exchanged in this matter, it was not until the production of Felony Review File and obtaining the Branch 66 transcript that Plaintiffs had any way to know that either would be likely to have discoverable information that they would need to use to support their claims.

10. With respect to Mr. Ward, Ms. Amaya and Staffing Network LLC:

a. In advance of the deposition, counsel for Plaintiff Solache provided Ms. Amaya with the documents Staffing Network LLC had produced in 1999 in response to the subpoena issued by Mr. Solache's criminal defense attorney, indicating the need for authentication [Ex. 3, Solache 7299-7322].

b. Ms. Amaya was authorized by Staffing Network LLC to provide a declaration dated April 1, 2021, which Plaintiff Solache produced to Defendants. [Ex. 4, Amaya dep Exhibit 1].

c. The corporation presented Ms. Amaya for her June 30 deposition as if she were its Rule 30(b)(6) witness, as the Senior Compliance Specialist whose duties and responsibilities include responding to subpoenas. She was represented at the deposition by the corporation's attorney.

d. Plaintiff Solache had no control over who the corporation vested with responsibility to appear.

e. Plaintiff Solache did not know about Mr. Ward until Ms. Amaya testified at her June 30 deposition about having consulted with him.

f. At the criminal trial in 2000, the parties stipulated to the authenticity of these same Staffing Network LLC records. [Ex. 5, Solache 6632-6634].

11. The parties have identified and disclosed countless third-party witnesses over the course of this litigation, deposing many of them and agreeing to remove many others. All parties have worked diligently to navigate two different highly complex fact-intensive cases amidst a global pandemic. Defendants have not identified any cognizable way in which adding these three witnesses to Plaintiffs' disclosures will prejudice them.

12. Plaintiffs' investigation since receiving the Branch 66 transcript on July 9, 2021, has revealed that in 1998 the Office of Investigations within the Office of the Public Defender was a repository for assistant public defender requests for investigations, which would include requests for investigators to photograph clients' injuries. Because Defendants' documents

subpoena to the Office of the Public Defender [Ex. 6], did not specifically address or include the Office of Investigations, Plaintiffs seek leave to issue a documents subpoena that specifically requests all photos or other documentation of Plaintiff Solache's and/or Plaintiff Reyes' injuries related to the order entered on April 6, 1998. [Ex. 7, proposed subpoena duces tecum].

WHEREFORE, Plaintiffs ask this Court to enter an order granting them leave to supplement their Rule 26(a) Disclosures to add witnesses Bernard Sarley, Kevin Smith, and Tim Ward, and leave to issue a subpoena to the Office of Investigations of the Cook County Public Defender.

Dated: July 11, 2021                                Respectfully submitted,

/s/ Sean Starr                                      s/ Jan Susler_____
Jon Loevy                                           Jan Susler
Anand Swaminathan                                   Ben H. Elson
Steven Art                                          People's Law Office
Rachel Brady                                        1180 N. Milwaukee, 3rd floor
Sean Starr                                          Chicago, IL 60642
Loevy & Loevy                                       *Attorneys for Gabriel Solache*
311 N. Aberdeen, 3rd floor
Chicago, IL 60607
*Attorneys for Arturo Reyes*

6