IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| | ) | Case No. 1:18-cv-01028 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Sunil R. Harjani |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 1:18-cv-02312 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Sunil R. Harjani |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

    Plaintiffs' motion for leave to supplement their Rule 26(a)(1) disclosures and to issue a document subpoena [DeLeon 442, Solache 314] is granted. Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify a discovery schedule for good cause shown. This Court has previously stated in an order on March 22, 2021 that no new deposition witnesses could be added without leave of Court [DeLeon 411]. To be clear, Plaintiffs' request here is to supplement their Rule 26(a)(1) disclosures, not the deposition list that the Court previously declared as the final list. And Plaintiffs have a continuing obligation to supplement discovery under Rule 26(e) even without leave of Court. Regardless, Plaintiffs have demonstrated good cause to disclose these additional witnesses.

    First, Plaintiffs have demonstrated that the importance of Bernard Sarley and Kevin Smith as individuals with relevant knowledge was revealed when the complete Felony Review file was disclosed on June 11, 2021, and specifically, that Mr. Sarley believed there were injuries to Mr. Solache's body such that he requested an order from the Court on April 6, 1998 that pictures be taken of Mr. Solache. Mr. Smith appears to have participated in that hearing. While Defendants

claim that these witnesses were previously known to Plaintiffs, Plaintiffs have made a sufficient showing that they only recently determined the individuals were "likely to have discoverable information." Fed. R. Civ. P. 26(a)(1).

Second, Plaintiffs have demonstrated that they recently learned that Tim Ward is an individual that could authenticate the records at issue from Staffing Network LLC because he had knowledge of the company's record keeping practices in or about March 1998, the relevant timeframe. This is sufficient to constitute an "individual likely to have discoverable information." *Id.*

The question then, with these late disclosures of Rule 26(a)(1) individuals after non-*Monell* fact discovery has closed, is how to rectify any prejudice to Defendants from these supplemental disclosures. In order to cure any prejudice, the Court grants Defendants' request for leave to issue subpoenas to depose Mr. Sarley and Mr. Ward. Defendants' request to depose Mr. Smith is denied for lack of good cause. There is no prejudice to Defendants with Mr. Smith as he was previously disclosed by Defendants on their own Rule 26(a)(1) disclosures, and he could have been placed on Defendants' deposition witness list if the deposition was really necessary. Further, a Rule 26(a)(1) witness disclosure is not the same as a trial witness list, and Plaintiffs' act of supplementing its Rule 26(a)(1) disclosures with Mr. Smith does not automatically convert him into a witness Plaintiff will likely call at trial such that his deposition must be taken.

As for the document subpoena, the Court grants leave to issue the subpoena to the Office of Investigations, Office of the Public Defender for all photos and documents regarding Plaintiffs' injuries related to the order of April 6, 1998. Good cause has been shown that Plaintiffs may explore whether any photos or information about photos were created as a result of the notes in the complete Felony Review file. And, in any event, a representative from the Office of Public Defender has already informed the Court, in anticipation of this motion, that the file "does not contain any photos of Mr. Solache or of Mr. Reyes." [DeLeon 452. p. 42]. Thus, it is unlikely this material exists, and the burden on the Public Defender's Office in responding should be minimal. However, Plaintiffs should be permitted to confirm the existence or non-existence of photos through the formal discovery process.

Supplemental disclosures shall be served by July 27, 2017. Depositions of Mr. Sarley and Mr. Smith, if desired by Defendants, shall be completed by August 30, 2021. Subpoena to the Office of Investigations, Office of Public Defender shall issue by July 27, 2017.

**SO ORDERED.**

Dated: July 23, 2021

_____
Sunil R. Harjani
United States Magistrate Judge

2