# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| | ) | Case No. 1:18-cv-01028 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Sunil R. Harjani |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | Case No. 1:18-cv-02312 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Sunil R. Harjani |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants City of Chicago, Cook County and the individual defendant officers and prosecutors in this case, have brought a Motion to Strike Plaintiff's Amended Supplemental Rule 26(a)(2)(C) Disclosures [*DeLeon-Reyes* 606; *Solache* 446].[1] The Court has considered the parties' briefing. For the following reasons, Defendants motion is granted in part and denied in part.

## BACKGROUND

In two separate lawsuits, consolidated for purposes of discovery, *see* Doc. 49, Plaintiffs Arturo DeLeon-Reyes and Gabriel Solache claim that they were wrongfully convicted and served

---

[1] The remainder of this Order cites to documents from the *DeLeon-Reyes* docket, Case No. 1:18-cv-01028, unless otherwise noted.

almost 20 years in prison for the 1998 double murder of Mariano and Jacinta Soto. Doc. 240 at 4. Plaintiffs assert that their convictions were the result of constitutional violations committed by Chicago police officers during the investigation of the Soto homicide. *Id*. Specifically, Plaintiffs bring claims under 42 U.S.C. § 1983 for coerced confession, fabrication of false witness statements, deprivation of liberty without probable cause, violations of due process, failure to intervene, and conspiracy. *Id*.[2] Both Plaintiffs allege *Monell* policy and practice claims, as well as state law claims. *Id*. Defendants deny Plaintiffs were wrongfully convicted, deny the claims against them, and assert various affirmative defenses. *Id*.

For over a year, the parties have gone back and forth on the sufficiency of Plaintiffs' Rule 26(a)(2) disclosures of non-retained expert witnesses. Plaintiffs' initial expert witness disclosures, submitted on January 15, 2022, fell short of the requirements under Rule 26. After Defendants' motion to compel on February 25, 2022, (Doc. 566), the Court ruled on March 18, 2022, that: (1) Plaintiffs' Rule 26(a)(2)(C) disclosures for their non-retained experts were deficient because they only disclosed general subject matter and a reference to depositions and documents, and (2) Plaintiffs' former attorneys, Urdangen and Vail, who were not properly disclosed as fact witnesses, would not be allowed to testify to fact-based information but would be allowed as non-retained expert witnesses pursuant to Rule 26(a)(2). Doc. 582 at 18-19. Since the Court's ruling, Plaintiffs have revised their Rule 26(a)(2)(C) disclosures five times: supplemental disclosure on April 8, 2022, (Doc. 622-2); amended supplemental disclosure on April 29, 2022, (Doc. 622-3); second amended supplemental disclosure on November 21, 2022, (Doc. 622-4); third amended supplemental disclosure on December 2, 2022, (Doc. 622-5); and third amended supplemental disclosure on December 5, 2022, (Doc. 622-6).

---

[2] Plaintiff DeLeon-Reyes additionally asserts 42 U.S.C. § 1983 claims against certain county prosecutors for coerced confession and fabrication of false witness statements. Doc. 240 at 4.

Plaintiffs' April 29, 2022 amended disclosure prompted Defendants to file their motion to strike on November 3, 2022. Plaintiffs revised their disclosures twice more through the parties' meet and confer process and ongoing discussions. Defendants attached a copy of Plaintiffs' most recent "third amended supplemental Rule 26(a)(2) disclosure" from December 5, 2022 to their reply brief. As currently presented, Defendants ask the Court to strike the disclosures of five of Plaintiffs' attorney experts, two in their entirety—Andrew Vail and Jeffrey Urdangen—and three on specific topics—Tom Verdun, Viola Rouse, and Naomi Bank. Doc. 622 at 10.[3] In response, Plaintiffs assert that they submitted their disclosures out of an abundance of caution, have satisfied their obligations under Rule 26, and Defendants' motion is premature. *See generally* Doc. 617.

## **DISCUSSION**

Federal Rules of Civil Procedure 26 and 37 govern this issue. Federal Rule of Civil Procedure 26(a)(2) is designed to prevent prejudicial surprise and grant opposing parties an opportunity to assess an expert witness's methodology and opinions through timely written disclosures. *Gicla v. United States*, 572 F.3d 407, 411 (7th Cir. 2009). Rule 26(a)(2) divides expert witnesses into two categories: those "retained or specially employed to provide expert testimony in the case," Fed. R. Civ. P. 26(a)(2)(B), and all other expert witnesses, Fed. R. Civ. P. 26(a)(2)(C). While the disclosure of retained expert witnesses must be accompanied by detailed information compliant with Rule 26(a)(2)(B), non-retained experts need only meet a lower threshold as defined in Rule 26(a)(2)(C). *See, e.g.*, *EEOC v. Meffert Oil Co., Inc.*, 2012 WL 13042519, at *2 (W.D. Wis. June 27, 2012) (explaining that "physicians who testify about observations made during the ordinary course of treatment" need only comply with the requirements of Rule 26(a)(2)(C).

---

[3] Initially, Defendants' motion sought to strike the disclosures of two additional attorney experts, Bernard Sarley and Allan Andrew, and three employment experts, Tim Ward, Monica Amaya, and Victor Herrera. *See* Doc. 606 at 3 n.3. However, the parties narrowed the issues as a result of additional meet and confers, and the relief sought from the Court now is laid out in in Defendants' reply brief. Doc. 622 at 10.

3

Pursuant to Rule 26(a)(2)(C), when "the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Whether a disclosure meets the requirements of Rule 26(a)(2)(C) is fact-intensive and case-specific. The Committee Notes to the 2010 Amendments provide some clarity and explain that the disclosure mandated by Rule 26(a)(2)(C) is "considerably less extensive than the report required by Rule 26(a)(2)(B)" and advise that "[c]ourts must take care against requiring undue detail[.]" *See* Fed. R. Civ. P. 26(a), advisory committee's note to 2010 amendment; *see also Ballinger v. Casey's Gen. Store*, 2012 WL 1099823, at *5 (S.D. Ind. Mar. 29, 2012) (The purpose of a Rule 26(a)(2)(C) summary is to clarify a witness's "expected testimony ... and the bases for the conclusions.")

Cases from various courts in this circuit provide further guidance on what constitutes a sufficient Rule 26(a)(2)(C) disclosure. Non-retained expert disclosures are sufficient when they connect the general testimony subjects to some facts and professional opinions. *See Est. of Stuller v. United States*, 2013 WL 1287402, at *3 (C.D. Ill. Mar. 27, 2013) (Rule 26(a)(2)(C) "does not require extensive detail."). Conversely, a party cannot point to the production of documents as a substitute for a non-retained expert witness disclosure. *See Meffert Oil Co., Inc.*, 2012 WL 13042519, at *3; *see also Dilley v. Holiday Acres Props., Inc.*, 2017 WL 2371295, at *3 (W.D. Wis. May 31, 2017) (holding that the use of an identical and expansive set of subjects for ten separate non-retained experts satisfied the subject matter prong but not the facts and opinions prong required for disclosure). Within these broad parameters, a Rule 26(a)(2)(C) disclosure is adequate if the disclosure contains three elements: (1) the subject matter, (2) a summary of the facts, and (3) a summary of the opinions sufficient to give the opposing party general notice as to

4

the expert witness's testimony and to determine whether further discovery will be necessary.

*First*, Defendants ask the Court to strike Plaintiffs' disclosures for Urdangen and Vail. Defendants assert that the disclosures should be stricken in their entirety because they pertain to factual topics, which this Court has ruled that the experts cannot testify to and are untimely and insufficient. Doc. 622 at 7-9. Plaintiffs' disclosures for both witnesses are identical and include the following potential testimony:

- His opinion regarding the prosecution's decision to offer immunity to Defendant Guevara, and the impact of the offer of immunity on the post-conviction proceedings and its eventual outcome.
- His opinion regarding Judge Obbish's findings related to the motion to suppress hearing, including physical abuse in Plaintiffs' interrogations and Guevara's pattern of misconduct, and the impact of those findings on the post-conviction proceedings and its eventual outcome.
- His opinion regarding the prosecution's decision not to re-try Plaintiffs and the basis for that decision, including his opinion regarding the prosecution's likelihood of success in light of the evidentiary record available for any re-trial.

Doc. 622-6 at 11-12.

As an initial matter, the Court rejects Defendants' argument that Urdangen and Vail's disclosures must be stricken because they implicate factual topics. While Plaintiffs did not disclose Urdangen or Vail as fact witnesses, they did disclose them as non-retained expert witnesses. On March 18, 2022, the Court held that "[t]o the extent they're going to be tried to be called as fact-based witnesses, I agree they should have been produced and disclosed much earlier during fact discovery, and they should not be allowed to testify to fact-based information. But that's not why they're being disclosed." Doc. 582 at 18. The Court also held that both witnesses were disclosed to "potentially, provide opinions under 702, 703, 705" and were properly disclosed under Rule 26(a)(2). *Id.* at 19. The Court's prior ruling provides that Urdangen and Vail may be offered as expert witnesses at trial, subject to further motion practice before the district judge. In doing so, their expert testimony may necessarily implicate and be based on the facts at issue. *See* Fed. R.

Evid. 702(b) ("the testimony is based on sufficient facts or data"); *see also* Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."); *Pecoraro v. Walls*, 286 F.3d 439, 446 (7th Cir. 2002) ("An expert witness must base his testimony on the facts. Not that he has to know the facts himself; they can be established by other witnesses and then used as the premise for his testimony."). Whether specific testimony is only factual, only expert, or a combination of the two, is not for the Court to decide at this time. *See, e.g.*, *E. Trading Co. v. Refco, Inc.*, 1999 WL 59979, at *1 (N.D. Ill. Feb. 2, 1999) ("Evidentiary rulings should be deferred until trial so questions of foundation, competency, relevancy and potential prejudice may be resolved in proper context."); *Geraci v. Macey*, 2016 WL 3671400, at *3 (N.D. Ill. July 11, 2016) ("Rulings on the trial admissibility of expert testimony will be reserved until the parties have the opportunity to fully brief Daubert motions"). At this time, the testimony appears sufficiently opinion-based in nature based on facts or data that the experts have within their knowledge.

Turning to the adequacy of the disclosures, the Court finds that they do not meet the requirements of Rule 26(a)(2)(C). With respect to a non-retained expert, Rule 26(a)(2)(C) requires the disclosure of the subject matter *and* a summary of the facts *and* opinion to which the expert is expected to testify. Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). Here, Plaintiffs identified three subject matters for the attorney expert's opinions: (1) Guevara's immunity offer; (2) Judge Obbish's findings related to the motion to suppress hearing; and (3) the prosecution's decision not to re-try Plaintiffs. Doc. 622-6 at 11-12. However, to support each subject matter, Plaintiffs but did not include specific facts or opinions that the attorney experts would rely on in their testimony.

For the first subject matter, Urdangen and Vail are offered for their *opinions* regarding the prosecution's decision to offer immunity to Guevara, the impact of the offer on the post-conviction

6

proceedings, and its outcome. Doc. 622-6 at 11-12. (emphasis added). Urdangen and Vail's disclosures are insufficient. Simply stating they will offer an opinion or discuss "the impact" is inadequate without more. *See Slabaugh v. LG Elecs. USA, Inc.*, 2015 WL 1396606, at *3 (S.D. Ind. Mar. 26, 2015) (holding "[p]laintiffs need not outline each opinion in detail, but they must summarize them"). What is the witness's opinion? The Court does not know. Moreover, the disclosures do not summarize any facts to support the alleged attorney expert's 'opinions' about the prosecution's decision to offer immunity to Guevara or its impact. Thus, the disclosures do not explain what opinions the experts will offer and fail to put Defendants on notice of the facts and evidence that the attorney experts may use to support their claim.

To support the second subject, the disclosures state that the attorney experts are offered to testify about the physical abuse arising out of Plaintiffs' interrogations, Guevara's pattern of misconduct, and the impact of those findings and its outcome. Doc. 622-6 at 11-12. Again, Plaintiffs do not summarize any opinion to support this disclosure, nor do they point to any evidence to support their opinions on these subjects. Stating that a witness has an opinion is not the same as stating an opinion. For example, "the Court has an opinion on how long a trial will take in this case" versus "The Court's opinion is that a trial in this case will take 6 weeks." The former identifies a subject and the existence of an opinion, the latter the actual opinion.

For the third subject matter, the attorney experts are offered to discuss their *opinions* of the prosecution's decision not to re-try Plaintiffs, including their likelihood of success in light of the evidentiary record available for any re-trial. Doc. 622-6 at 11-12 (emphasis added). Plaintiffs' third subject is inadequate without a definitive opinion and concrete facts. Once again, stating that the attorney experts will provide an opinion does not mean that the disclosures include an opinion. Based on the current language of the disclosures, the Court cannot identify what the attorney

7

experts would testify about Plaintiffs' likelihood of success. Although Plaintiffs mention the evidentiary record, they do not summarize the record. Thus, for all three subjects, Plaintiffs have set forth subject matters but do not summarize the opinions and facts to support them. As explained below, the Court will not bar Plaintiffs' Rule 26(a)(C) disclosures in their entirety. *See infra* at 11-12. Instead, Plaintiffs must supplement their disclosures for Urdangen and Vail to include the attorney experts' opinions and a summary of the facts that conform with Rule 26(a)(C).

*Second*, the Court considers the four subject matters that Defendants would like stricken from Bank, Rouse, and Verdun's supplemental disclosures: (1) the value of allegedly exculpatory/impeaching evidence withheld from the defense at trial, (2) the impact it had on the outcome of their criminal cases, (3) the constitutional violations of Plaintiffs' civil rights, and (4) the nature, extent, and duration of Plaintiffs' injuries.[4] The Court takes the subjects in turn.

The Court begins with the first and second subjects. Because both subjects implicate the value and impact of alleged exculpatory and impeaching evidence withheld from the defense at trial, the Court considers them together. Bank, Rouse, and Verdun's supplemental disclosures include the following summaries:

- The exculpatory and impeachment value of evidence presented in Plaintiffs' criminal cases or withheld during Plaintiffs' criminal case;
- How his [her] representation would have differed had he [she] known of the exculpatory and impeaching evidence;
  Mr. Verdun [She] may testify about the exculpatory and impeaching value of evidence withheld from him during his defense of Mr. Reyes [Mr. Solache] (the various categories of withheld and suppressed evidence are discussed at length in Plaintiffs' interrogatory responses and 26(a)(2)(B) expert disclosure), including but not limited to documents and photographs contained in the police file that were not disclosed to Plaintiffs or their counsel; the statements of witnesses whose interviews and interrogations were not documented in police reports; the abuse and coercive tactics used on Plaintiffs and other suspects and witnesses; Guevara's

---

[4] Because the disclosures are nearly identical for Bank, Rouse, and Verdun, the Court discusses them together. *See* Doc. 622-6 at 6-11. The Court has identified any differences in the disclosures in brackets.

8

> pattern and practice of misconduct in homicide investigations, including the use of physical abuse and other coercive tactic on suspects and witnesses; and Guevara's undisclosed disciplinary history. He [She] may testify that all such information should have been disclosed to Plaintiffs, he [she] expected it to be disclosed it was not, and his ability to defend his client was therefore undermined.

Doc. 622-6 at 4-10. Defendants assert that Plaintiffs have provided only potential topics, not opinions. Doc. 606 at 4-5. The Court disagrees. Rule 26(a)(2)(C) requires the subject matter and a summary of the facts and opinions. Fed. R. Civ. P. 26(a)(2)(C). Indeed, the Court "must take care against requiring undue detail...." *See* Fed. R. Civ. P. 26(a), advisory committee's note to 2010 amendment. Plaintiffs first include the two subject matters and then, in an abundance of caution, provide a fulsome summary of the facts and opinions that the witnesses are expected to present to the extent that the district judge determines their testimony implicates Federal Rules of Evidence 702, 703, or 705. Doc. 622-6 at 4-10; *see also* Fed. R. Civ. P. 26(a)(2)(C). Specifically, Plaintiffs' disclosures include the opinion that specific information should have been disclosed to Plaintiffs, the attorney experts expected it to be disclosed, and their ability to defend their clients was therefore undermined. Next, Plaintiffs' disclosures provide the specific evidence they will use to support their testimony. For example, Plaintiffs' disclosures identify photographs in the police file that were not disclosed to Plaintiffs or their counsel and Guevara's undisclosed disciplinary history as specific exculpatory or impeaching evidence. Moreover, for additional evidence, Plaintiffs direct Defendants to the evidence discussed in Plaintiffs' interrogatory responses and 26(a)(2)(B) expert disclosure.[5] As such, the summary disclosures are sufficient.

---

[5] Defendants contend that Plaintiffs' inclusion of specific evidence, discussed in Plaintiffs' interrogatory responses and 26(a)(2)(B) expert disclosure, is disclosed "for the very first time," and simultaneously that Plaintiffs must provide specificity regarding their disclosures. Doc. 622 at 5-6. Defendants cannot have it both ways. These two subject matters have been at issue since Plaintiffs' early iterations of their disclosures, (Doc. 622-2 at 2, 4-6, 8), and the Court finds those disclosures sufficient.

Next, the third subject matter concerns alleged constitutional violations of Plaintiffs' civil rights. For this subject, Bank, Rouse, and Verdun's supplemental disclosures include the following:

- His [Her] belief that Mr. Reyes's [Mr. Solache's] constitutional rights had been violated, and the reasons therefor;
Mr. Verdun [She] may testify that he [they] believed at the time of the trial that Detective Guevara had coerced Mr. Reyes's [Mr. Solache's] false confession and that while Detective Guevara had a reputation amongst lawyers in the criminal defense community, there was little he [she] could do at that time to develop admissible evidence on that issue, and he [she] did not learn about Det. Guevara's pattern of misconduct until after his [her] representation of Mr. Reyes [Mr. Solache] had ended. To the extent not already captured above, Mr. Verdun [Ms. Rouse or Ms. Bank] may also testify about his [her] understanding regarding the abuse that Mr. Reyes [Mr. Solache] suffered at the hands of Chicago Police officers and how he was coerced and tortured until he signed a false confession, particularly the abuse inflicted by Detective Guevara.

Doc. 622-6 at 4-10. Again, a party need only disclose the subject matter and a summary of the facts and opinion to which the non-retained expert is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Plaintiffs' disclosures are sufficient under Rule 26(a)(2)(C) because the disclosures include the attorney experts' opinions that Plaintiffs' constitutional rights had been violated. In addition, the disclosures explain that Bank, Rouse, and Verdun will testify based on various facts, including their knowledge about Guevara's coercion, pattern of misconduct, and abuse inflicted on Plaintiffs.[6] *See Gibson v. City of Chicago*, 2020 WL 4349855, at *5 (N.D. Ill. July 29, 2020) ("The Fourteenth Amendment allows for a substantive due process claim based on 'police torture or other abuse that results in a confession.'") (quoting *Chavez v. Martinez*, 538 U.S. 760, 773 (2003)). Likewise, Plaintiffs' disclosures put Defendants on notice of testimony concerning abuse

---

[6] Defendants argue that Plaintiffs' disclosures of "beliefs" bears no resemblance to an expert opinion. Doc. 606 at 8. But, of course, a person's belief can also be their opinion (*e.g.,* I believe this trial will be very long) and based on experience and specialized knowledge (*e.g.* I have been a trial attorney for over 20 years). Whether this testimony is admissible is for a later occasion before the district judge.

Case: 1:18-cv-02312 Document #: 469 Filed: 01/23/23 Page 11 of 13 PageID #:13612

at the hands of other Chicago Police officers. Ultimately, the present disclosures are enough to give Defendants adequate notice of Plaintiffs' experts' potential testimony.

Lastly, the Court finds that the final subject matter regarding the nature, extent, and duration of Plaintiffs' alleged injuries must be supplemented. Bank, Rouse, and Verdun's supplemental disclosures include the following statement: "His [Her] observations the nature, extent, and duration of Plaintiff Reyes' [or Solache's] injuries." Doc. 622-6 at 5, 7, 9. Rule 26(a)(2)(C) requires a party to disclose the subject matter *and* a summary of the facts and opinion that the witness is expected to present. Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). Here, the disclosures for the attorney experts include the subject matter—Plaintiffs' injuries. But the disclosures lack any summary of the facts and opinions upon which the experts' expected testimony is based. While Rule 26(a)(2)(C) does not require a detailed expert report, it requires more than a single sentence without any specific detail. *See* Fed. R. Civ. P. 26(a), advisory committee's note to 2010 amendment. The current disclosures include no mention of specific injuries Plaintiffs suffered, diagnoses because of the injuries, treatment or prognosis details, duration of the injuries, or the attorney experts' opinions concerning the injuries. To ensure that Defendants do not miss the "opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report," Plaintiffs must provide disclosures containing the appropriate bases for each opinion the attorney experts are expected to testify about. *Tribble v. Evangelides*, 670 F.3d 753, 759-60 (7th Cir. 2012) (internal citations omitted).

With respect to Federal Rule of Civil Procedure 37, Rule 37(c)(1) provides that a party who "fails to provide information or identify a witness as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *Uncommon, LLC v.*

11

*Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019). The Seventh Circuit has indicated that courts should consider four factors in making Rule 37 determinations: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Uncommon, LLC*, 926 F.3d at 417 (internal quotation marks omitted). The minor non-compliance or injury here may still be remedied by a more complete disclosure. *See Winger v. Jeffreys*, 2021 WL 5564905, at *4 (S.D. Ill. Nov. 29, 2021) (requiring party to serve "new corrected disclosures, which include the subject matter on which the experts are expected to present evidence under Federal Rules of Evidence 702, 703, or 705 and a summary of the facts and opinions to which they are expected to testify"). Thus, striking the disclosures under Rule 37(c)(1), as Defendants request, is not the appropriate sanction. Indeed, expert discovery is ongoing,[7] motions for summary judgment have not been filed, and a trial date has not been set. There is time for Plaintiffs to cure any potential prejudice to Defendants with additional information. Moreover, Defendants have had ample opportunity to depose Urdangen and Vail—at least since the Court's decision on March 18, 2022. Doc. 582. Additionally, there is no evidence of bad faith or willfulness involved in providing deficient disclosures, as Plaintiffs have repeatedly sought to update their disclosures and avoid further motion practice with the Court.

For these reasons, Defendants' Motion to Strike Plaintiff's Amended Supplemental Rule 26(a)(2)(C) Disclosures [606] is granted in part and denied in part. Plaintiffs are directed to supplement their current disclosure by January 30, 2023. If Plaintiffs once again fail to properly disclose, the Court will entertain a Rule 37 motion for costs. Issues about the admissibility of the testimony of any of these non-retained attorney experts are premature while discovery is on-going

---

[7] On January 17, 2023, Judge Seeger granted Plaintiffs' motions for an extension of time to submit Plaintiffs' rebuttal expert reports. Doc. 626.

and should be addressed later before the district judge.

**SO ORDERED.**

Dated: January 23, 2023

                                                  Sunil R. Harjani
                                                  United States Magistrate Judge