IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTIRCT OF ILLINIOS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTURO DeLEON-REYES, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 1028 |
| | ) | |
| v. | ) | Hon. Steven Seeger |
| | ) | District Judge |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GABRIEL SOLACHE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18 Civ. 2312 |
| | ) | |
| v. | ) | Hon. Steven Seeger |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S OPPOSED MOTION
FOR LEAVE TO FILE OVERSIZED MEMORANDA OF LAW
AND OVERSIZED *DAUBERT* MOTIONS AND MORE THAN
80 PARAGRAPHS FOR 56.1 STATEMENT**

Defendant, City of Chicago (the "City"), by and through its undersigned counsel, hereby moves this Honorable Court, pursuant to L.R. 7.1 and L.R. 56.1, for leave to file an oversized Memoranda of Law in Support of Summary Judgment, more than 80 paragraphs for Statements of Material Facts, and oversized *Daubert* Motions, and in support thereof, states as follows:

1. Movants filed their Motions for Summary Judgment on April 8. 2024. (Dkt. *Reyes*-690 and *Solache*-522)

1

2.     The parties have engaged in exhaustive fact discovery—tens of thousands of pages of records have been produced, numerous sets of written discovery have been exchanged and approximately eighty of witnesses have been deposed.

3.     Furthermore, Plaintiffs have retained multiple expert witnesses to support their ranging *Monell* claim and multiple theories of liability against the City. Specifically, Plaintiffs have retained Thomas Tiderington to provide opinion testimony related to the City's record keeping practices and report writing, as well as the police investigation in this case, and Anthony Finell to provide opinion testimony about CPD's supervision and disciplinary practices. Plaintiffs' experts have a combined total of 146 pages of reports, excluding attachments, and multiple spreadsheets that distill thousands of pages of data.

4.     In support of their motion, the City has prepared an extensive Memorandum of Law that set forth the facts surrounding their request for summary judgment and legal arguments that addresses all nine separate theories[1] of liability brought by plaintiffs against the City.

5.     Considering the breadth of discovery, the City has prepared a fulsome consolidated Rule 56.1 Statements of Fact in support of its Motion for Summary Judgment.

6.     The City has edited the argument section of their memorandum in an attempt to remove unnecessary arguments. Notwithstanding that effort, given that we are responding to two separate plaintiffs, the number of parties, the number of claims and theories of liability being put forth by each Plaintiff, and the complexity of the issues presented in Plaintiffs' Complaints, the City's Memorandum exceeds the fifteen-page limit set by the local rules in order to address Plaintiff Reyes' sprawling 48 page 3 Count second amended complaint and Plaintiff Solache's lengthy 22 page 6 count first amended complaint. Similarly, the City has tried to be efficient in

---

[1] Plaintiff Reyes asserts three (3) claims against the City and Plaintiff Solache asserts six (6) claims against the City.

setting forth their respective simple statements of fact but were unable to limit their statement of facts to the 80 statements allowed.

7. Accordingly, the City requests leave to file their Memorandum of Law in Support of Summary Judgment in excess of the Court's 15-page limitation, up to and including 62 pages, attached hereto as Exhibit A.

8. Additionally, the City requests leave to file their Rule 56.1 Statements of Fact, up to 313 statements of fact, attached hereto as Exhibit B.

9. The City's *Daubert* motions regarding Thomas Tiderington and Anthony Finnell are attached hereto as Exhibits C and D, respectively.

10. On April 8, 2024, Counsel for Movants conferred with counsel for Plaintiffs who objects to this motion and requested that Defendants include in this motion (and the Defendant Officers' similar motion related to its Brief, Statements of Fact and Daubert motions), the following position:

> Plaintiffs together seek 25 pages, and 73 total fact paragraphs, for his own motion for partial summary judgment against the City of Chicago. For Defendants, Plaintiffs agree to a reasonable, and commensurate, enlargement of the page limits and paragraphs permitted under the Rules. However, the Defendants' request for a total of 178 pages of briefing and 558 paragraphs of purportedly undisputed material facts (an impossibility in a case as hotly disputed as this, with two of the individual Defendants having pleaded the Fifth regarding their conduct in this case) is far beyond what the Rules permit, and does not include the yet additional pages and paragraphs Defendant Guevara will seek for his own brief.

> We have considered the length of Defendants' summary judgment briefs in the most recent Guevara cases: (1) in *Jacques Rivera v. Guevara, et al.*, 1:12 Civ. 4428, the City filed a 24-page summary judgment brief to dismiss all of Plaintiff's *Monell* theories, and the Individual Defendants filed a 25-page brief on behalf of multiple Defendant officers; (2) in *Serrano/Montanez v. Guevara, et al.*, 1:17 Civ. 2869, the Individual Defendants filed a 22-page brief. Defendants have provided no justification for briefs far larger than their prior summary judgment briefs. Nevertheless, Plaintiffs agree to 125 pages of total summary judgment briefing (including any *Daubert* motions) and 125 facts each for the City and the Individual Defendants (so, 250 total facts).

11. Defendant City is hesitant to burden this Court and to go into all the differences of various cases that have had motions for summary judgement filed in the Northern District of Illinois in reversed conviction cases. However, Plaintiff *Reyes* has made a similar argument in opposition to both the City of Chicago and the individual defendant officers' motions for leave to file an oversized memos of law and additional facts in other recent reverse conviction cases, *Sierra,* 18 cv 3029 and *Iglesias*, 19cv 6508, both of which were granted over their objection. On January 29, 2024 in *Sierra* (Dkt. 477), leave was granted to file a memorandum in support of summary judgment of up to sixty-three (63) pages and one hundred ninety-four (194) statements of facts for six (6) separate individual defendants responding to eight separate claims. On January 30, 2024, in *Iglesias* (Dkt. 246), leave was granted to file a memorandum in support of summary judgment of up to fifty-one (51) pages and one hundred twenty-six (126) statements of facts for four (4) separate individual defendants responding to eight separate claims. Simply put, each case is different and rather than pick and choose through the various dissimilar cases filed with oversized briefs, the City has attempted to show this Court the breadth of the material it had to distill for this court as well as the many varied claims that needed to be addressed.

WHEREFORE, the Defendant City of Chicago respectfully requests this Court enter an order granting it leave to file oversized Memoranda of Law and file its additional statements of fact in Support of their respective Motions for Partial Summary Judgment.

Dated: April 8, 2024               Respectfully Submitted,

                                   /s/ Eileen E. Rosen
                                   Eileen E. Rosen
                                   Special Assistant Corporation Counsel
                                   *One of the Attorneys for City of Chicago*

                                   Eileen E. Rosen
                                   Catherine M. Barber

Theresa B. Carney
Austin G. Rahe
Lauren M. Ferrise
Jessica L. Zehner
ROCK FUSCO & CONNELLY, LLC
333 W. Wacker Dr., 19th Floor
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com